### ADAMS EXP. CO.. (BANK OF KENTUCKY v.)

[See Bank of Kentucky v. Adams Exp. Co., Case No. 889.]

---

## Case No. 73.

### ADAMS EXP. CO. v. DAVISON et al.

[3 Balt. Law Trans. (1870,) No. 7.]

Circuit Court, D. Virginia.

EQUITY—PARTIES — PLEADING — INJUNCTION—RES JUDICATA.

[In· equity. Bill by the Adams Express Company against Joseph Davison, the Washington, Alexandria & Georgetown Railroad Company, Oscar A. Stevens, and W. Jackson Phelps.]

CHASE, Circuit Justice, delivered opinion of court.

Upon a careful consideration of the pleadings, proofs and arguments in this case, we have reached the following conclusions:

(1) Adams Express Co. was not a party to the suit of Davison vs. The Washington, Alexandria & Georgetown R. R. Co. and others, in the circuit court of Alexandria Co., and, therefore, is not bound by any decree or order made in that cause.

(2) It is not necessary, in the case, to pass definitely upon the question, whether the lease made by the Washington, Alexandria and Georgetown R. R. Co. to Stevens & Phelps on the 5th day of May, 1866, was valid, or, for want of authority not valid, as a lease.

(3) The contracts of the Adams Express Co. with the Washington, Alexandria & Georgetown R. R. Co. and with Stevens & Phelps, representing that company, and in actual charge of the railroad with its consent, viz. the contracts of February 1st, 1866, and June 18th, 1866, were valid contracts, and under them the Adams Express Co. is equitably entitled to compensation for the rent or use of the rolling stock, including locomotive engines placed upon the road by it, and to the surrender of the property in good order, or to payment for its cost or present value with rent, or reasonable compensation for use, and also to reimbursement for moneys advanced for repairs made upon the engines of the railroad company used upon the road, and for repairs of the road; and, on the other hand, the

Adams Express Company is bound to pay to the city of Washington such amount as may be ascertained to be due from the railroad company, not exceeding $60,000, and fulfill the other stipulations of the contract on its part.

(4) The contract of September 16, 1868, was between S. M. Shoemaker, on the one part, and Stevens and Phelps and Lathrop, receiver, on the other part, and there is sufficient proof that in making it Shoemaker was acting in behalf of the Adams Express Company.

(5) It is not shown by the contracts or other proof that the Washington, Alexandria & Georgetown R. R. Co. is bound to pay any expenses incurred by the Adams Express Co., or Stevens and Phelps for attorney or counsel fees in litigation, concerning the road or rolling stock or for services of Shoemaker as trustee.

(6) At the time the original injunction was allowed in this cause, Marbury was not in possession of the railroad as receiver appointed by circuit court of Alexandria county, and the Adams Express Co., not being a party to or bound by the proceeding in which Marbury was appointed, was not defeated of its right to seek relief by its suit in the court. It is therefore ordered the injunction heretofore allowed be continued, with leave to complainant to amend the bill making S. M. Shoemaker a party defendant, and that the cause be referred to Andrew Jameison, who is hereby appointed a master in chancery for this purpose, who is directed to examine the depositions and documents already taken or filed in the cause, and to take further depositions, if necessary, upon such reasonable notice to all parties to this suit as he may think necessary to give them due opportunity to attend and to report: (1) What engines or other rolling stock have been placed upon the road by the Adams Express Company at the instance of the Washington, Alexandria & Georgetown R. R. Co. or of Stevens & Phelps as its lessees or agents, the original cost, the present condition, and present value of that property, and the amount of rent accrued or of fair compensation for use. (2) The sums which have been paid and the sums which remain due to the Adams Express Company for the use or rental of engines, cars, or other rolling stock employed upon such road, and separately the sums paid or due to S. M. Shoemaker under his contract with Stevens and Phelps and Lathrop, receiver. (3) The sums paid by the Washington, Alexandria and Georgetown R. R. Co., if any, on account for purchase of such engines, cars, or other rolling stock from the express company. (4) The sums advanced by the Adams Express Company for the repair of the road or other use of the railroad company under their contracts not included under previous heads. (5) The sums paid by the Adams Express Company

in satisfaction of the claim of the city of Washington, or in payment of interest on the bonded debt of the company or for sinking fund. (6) In making the foregoing statements, the master will exclude all charges for counsel or attorneys' fees, and for services of Shoemaker as trustee, but he may, if either party desire, make a separate statement of such charges, and report such facts relating thereto as may appear to him useful to a correct understanding of the rights of the parties.

And said master is directed, further, to state a general account between the Express Co. and R. R. Co., showing at one view balances, if any, due to the former upon the several suppositions already stated, and to accompany such account with a sufficient statement of his reasons for his conclusions, and to file his report with the clerk of the court within —— days. And for the coming in of said master's report, and for further order, this cause is continued.